UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE IZQUIERDO, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>              v.<br><br>PANERA BREAD COMPANY, a/k/a ST. LOUIS BREAD CO.,<br><br>    Defendant. | CIVIL ACTION NO. 18-cv-12127-DAB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Anne B. Sekel
Emily A. Beer
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3417
Fax: (212) 687-2329

Eileen R. Ridley (admitted *pro hac vice*)
FOLEY & LARDNER LLP
555 California St., 17th Floor
San Francisco, CA 94104
Tel: (415) 438-6469
Fax: (415) 434.4507

*Attorneys for Defendant Panera LLC*

## TABLE OF CONTENTS

Preliminary Statement .................................................................................................................. 1

Statement of Facts ....................................................................................................................... 2

Argument ..................................................................................................................................... 3

I.       Standard of Review ........................................................................................................... 3

II.      Plaintiff Does Not Have Standing to Seek Injunctive Relief ............................................. 4

III.    Plaintiff Fails to State a Claim for Violation of GBL §§ 349, 350, and 350-a(1) .............. 6

        A.     Plaintiff Alleges No Misrepresentation and No Reasonable Consumer Would Be Misled ................................................................................................... 6

        B.     Plaintiff Did Not Allege Injury under the GBL ...................................................... 8

IV.    Plaintiff Fails to State a Claim for Fraud ........................................................................ 11

Conclusion ................................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Alce v. Wise Foods, Inc.*,
   No. 17 Civ. 2402 (NRB), 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) ............................. 3, 5

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011) ................................................................................................... 3

*Arabi v. Javaherian*,
   No. 13 CV 456 (ERK) (CLP), 2016 U.S. Dist. LEXIS 31947 (E.D.N.Y. Mar.
   9, 2016) .................................................................................................................................. 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 4, 10

*Belcastro v. Burberry Ltd.*,
   No. 16-CV-1080 (VEC), 2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) .................................. 9

*BMS Cat, Inc. v. Klemmt Orthotics & Prosthetics, Inc.*,
   No. 3:13-CV-315, 2014 WL 12675265 (N.D.N.Y. Jan. 28, 2014) ........................................ 4

*Bowring v. Sapporo U.S.A., Inc.*,
   234 F. Supp. 3d 386 (E.D.N.Y. 2017) ............................................................................. 6, 12

*Braynina v. TJX Cos., Inc.*,
   No. 15 Civ. 5897 (KPF), 2016 WL 5374134 (S.D.N.Y. Sept. 26, 2016) ............................... 9

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
   790 F.3d 411 (2d Cir. 2015) ................................................................................................... 3

*DaCorta v. AM Retail Grp., Inc.*,
   No. 16-CV-01748 (NSR), 2018 WL 557909 (S.D.N.Y. Jan. 23, 2018) ................................. 9

*Daniel v. Tootsie Roll Indus., LLC*,
   No. 17 Civ. 7541 (NRB), 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018) ................................ 6

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) ................................................................................................... 7

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
   98 N.Y.2d 314, 774 N.E.2d 1190 (2002) ............................................................................... 6

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
   148 F. Supp. 3d 285 (S.D.N.Y. 2015) .................................................................................... 5

*Holmes v. Apple Inc.*,
   No. 17 Civ. 4557 (ER), 2018 WL 3542856 (S.D.N.Y. July 23, 2018) ................................ 11

*Irvine v. Kate Spade and Co.*,
   No. 16-CV-7300 (JMF), 2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017) ............................9, 10

*Izquierdo v. Mondelez Int'l, Inc.*,
   No. 16-cv-04697 (CM), 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016).......................... *passim*

*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273 (2d. Cir. 2006)......................................................................................................11

*Miao Xin Hu v. Iovate Health Scis. U.S.A. Inc.*,
   No. 17 Civ. 09427 (ER), 2018 WL 4954105 (S.D.N.Y. Oct. 12, 2018).................................11

*Mills v. Everest Reinsurance Co.*,
   410 F. Supp. 2d 243 (S.D.N.Y. 2006).......................................................................................4

*Mitchell v. Hartnett*,
   262 F. Supp. 2d 153 (S.D.N.Y. 2003).......................................................................................4

*Nelson v. MillerCoors, LLC*,
   246 F. Supp. 3d 666 (E.D.N.Y. 2017) ......................................................................................2

*Rodriguez v. Cheesecake Factory Inc.*,
   16-CV-2006 (JMA)(AKT), 2017 WL 6541439 (E.D.N.Y. Aug. 11, 2017)..............................6

*Rodriguez v. It's Just Lunch, Int'l*,
   No. 07 Civ. 9227(SHS)(KNF), 2010 WL 685009 (S.D.N.Y. Feb. 23, 2010) ..........................9

*Solak v. Hain Celestial Grp., Inc.*,
   No. 3:17-CV-0704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018)......................................7, 8

*Wurtzburger v. Kentucky Fried Chicken*,
   No. 16-CV-08186 (NSR), 2017 WL 6416296 (S.D.N.Y. Dec. 13, 2017)............................6, 7

**Statutes**

New York General Business Law

   § 349................................................................................................................................ *passim*
   § 350................................................................................................................................ *passim*
   § 350-a(1)........................................................................................................................ *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 9 ......................................................................1, 4, 10, 11

Federal Rules of Civil Procedure Rule 12 ............................................................................1, 3

Federal Rules of Evidence 201 ................................................................................................2

Pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Panera LLC ("Panera"), erroneously sued as "Panera Bread Company, a/k/a St. Louis Bread Co.," by and through its undersigned counsel, Foley & Lardner LLP, submits this Memorandum of Law in support of its motion to dismiss the First Amended Class Action Complaint of Plaintiff Jose Izquierdo ("Plaintiff").

## PRELIMINARY STATEMENT

Faced with Panera's Motion to Dismiss, Plaintiff has taken a second bite at the bagel and amended his Complaint. While Plaintiff cleaned up some of the blatant inconsistencies from the initial Complaint, the amended version still utterly fails to state a claim against Panera. Plaintiff's claims distill to this: Plaintiff bought a bagel from Panera. The placard affixed to the basket of bagels stated "Blueberry." Plaintiff admits that the Blueberry Bagel, in fact, contained blueberry products, including "Infused Dried Blueberries," as stated in the list of ingredients for the product. Plaintiff does not argue that the ingredient statement is incorrect. Instead, he claims, incredibly, that the bagel he admits contained blueberries was not a "genuine Blueberry Bagel." These allegations fail to state a claim for deceptive practices under New York General Business Law ("GBL") §§ 349, 350, or 350-a(1), or for common law fraud, and Plaintiff's Amended Complaint should therefore be dismissed.

Plaintiff is no stranger to the requirements of GBL § 349 and common law fraud. This Court recently dismissed a similar action brought by the same Plaintiff with the same counsel (involving allegedly misleading packaging of candy), finding, among other things, that Plaintiff 1) had no standing for injunctive relief under GBL § 349, 2) failed to plead a violation of GBL § 349, and 3) failed to plead common law fraud. *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-

1

04697 (CM), 2016 WL 6459832, at *10 (S.D.N.Y. Oct. 26, 2016).[1]  For many of the reasons outlined by this Court in its decision dismissing Plaintiff's prior case, and for the reasons set forth below, Plaintiff's Amended Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff alleges that, on August 8, 2018,[2] he purchased a Blueberry Bagel at a Panera location in New York City for $1.39.  First Amended Class Action Complaint ("Amended Complaint" or "Amend. Compl."), Doc. No. 27, ¶ 15.  Plaintiff does provide any proof of purchase, such as a receipt.  Plaintiff allegedly purchased the Blueberry Bagel "reasonably relying on Defendant's representations that it was a genuine blueberry bagel."  *Id.*  However, the only representation Plaintiff alleges regarding the nature of the bagel is "a placard which simply reads, "Blueberry," affixed to the basket containing the Blueberry Bagels.  *Id.* ¶ 19. While Plaintiff alleges that the Blueberry Bagel had "significantly less value" than the $1.39 purchase price (*id.* ¶ 51), every bagel sold by Panera in Manhattan, regardless of flavor, costs the same amount – even the Plain Bagel is sold for $1.39.  Declaration of Emily A. Beer, Exhibit 1.[3]

Plaintiff now complains both that he bought the Blueberry Bagel "on the assumption" that it "contained a non-trivial amount of real, healthy blueberries." Amend. Compl. ¶ 49. Plaintiff admits that the Blueberry Bagel contains "Infused Dried Blueberries," which contain "Wild Blueberries, Cane Sugar, Natural Flavor, Citric Acid, [and] Sunflower Oil." *Id.* ¶ 26.

---

[1] Panera notes that Plaintiff was represented by the same law firm in *Izquierdo v. Mondelez* as he is in this action.
[2] In the initial Complaint, Plaintiff alleged the purchase occurred on August 10, 2018. Class Action Complaint, Doc. No. 1, ¶ 14.
[3] Exhibit A is an excerpt from Panera's website – the same website used by Plaintiff to create Exhibit A to the Amended Complaint – which demonstrates the prices charged by Panera for its bagels.  "At the motion to dismiss stage, courts may consider . . . documents attached to the complaint as an exhibit or incorporated in it by reference,... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Nelson v. MillerCoors*, *LLC*, 246 F. Supp. 3d 666, 672 (E.D.N.Y. 2017) (internal quotation marks and citation omitted).  Because portions of Panera's website were attached to the Amended Complaint and therefore Plaintiff clearly had knowledge of Panera's website, the Court should consider other pages from Panera's website as well.  Additionally, the Court may take judicial notice of the bagel prices reflected in Exhibit A, because the pricing is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see also*, *Nelson*, 246 F. Supp. 3d at 672–73.

Additionally, Plaintiff admits that the Blueberry Bagel contains "Blueberry Flavored Bites," which, among other ingredients, contain "Blueberry Solids." *Id.* Plaintiff does not allege that the ingredient list for the Blueberry Bagel is incorrect. Despite admitting that the Blueberry Bagel contains *two* blueberry ingredients, Plaintiff makes the unsupported and conclusory allegation that it contains "only trace amounts" of blueberries. *Id.* ¶ 27.

## ARGUMENT

### I. Standard of Review

A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) "for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (affirming dismissal for lack of standing). To satisfy the jurisdictional requirement of Article III of the Constitution, (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision. *Id.* A plaintiff seeking to represent a class must personally have standing, thus "[f]or each claim asserted in a class action, there must be at least one class representative ... with standing to assert that claim." *Alce v. Wise Foods, Inc.*, No. 17 Civ. 2402 (NRB), 2018 WL 1737750, at *6 (S.D.N.Y. Mar. 27, 2018) (internal citations and quotation marks omitted). The plaintiff bears the burden of "alleg[ing] facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). "In assessing the plaintiff's assertion of standing, [the Court] accept[s] as true all material allegations of the complaint[ ] and ... construe[s] the complaint in favor of the complaining party." *Cortlandt*, 790 F.3d at 417 (internal quotation marks and citation omitted).

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed, on motion, if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. While this Court is constrained to draw all reasonable inferences in favor of the nonmoving party, when the allegations in the complaint, and the documents referenced therein, demonstrate that the defendant is entitled to judgment as a matter of law, a motion to dismiss should be granted. *See Mitchell v. Hartnett*, 262 F. Supp. 2d 153, 154-55 (S.D.N.Y. 2003). Further, the Court need not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Moreover, "[i]n diversity cases alleging fraud, the form of pleading is governed by the heightened pleading standard articulated in Rule 9(b) of the Federal Rules of Civil Procedure." *Arabi v. Javaherian*, No. 13 CV 456 (ERK) (CLP), 2016 U.S. Dist. LEXIS 31947, at *22 (E.D.N.Y. Mar. 9, 2016). Rule 9(b) requires pleading with particularity as to all claims asserting "fraud or mistake." *BMS Cat, Inc. v. Klemmt Orthotics & Prosthetics, Inc.*, No. 3:13-CV-315, 2014 WL 12675265, at *3 (N.D.N.Y. Jan. 28, 2014); *Mills v. Everest Reinsurance Co.*, 410 F. Supp. 2d 243, 248 (S.D.N.Y. 2006).

## II.   Plaintiff Does Not Have Standing to Seek Injunctive Relief

Plaintiff does not have Article III standing to bring a claim for injunctive relief. A plaintiff "must plead a likelihood of future injury in order to show standing to sue for an injunction." *Izquierdo*, 2016 WL 6459832, at *5 (citations omitted) (dismissing claim for

4

injunctive relief under the GBL for lack of standing). In other words, a plaintiff cannot rely on past injury but must instead show a likelihood that he or she will be injured in the future. *Hidalgo v. Johnson & Johnson Consumer Cos.,* 148 F. Supp. 3d 285, 291 (S.D.N.Y. 2015); *see also Izquierdo,* 2016 WL 6459832, at *5 (finding that a plaintiff had no standing to bring a claim for injunctive relief in an action related to allegations that candy contained nonfunctional slack fill because the plaintiff "failed to plead a real or immediate threat of injury by the offending packaging"). "[A]llegations of *possible* future injury are not sufficient." *Izquierdo*, 2016 WL 6459832, at *5 (internal quotation marks and citations omitted). "Accordingly, in actions brought under consumer protection statutes, many courts have declined to find Article III standing for injunctive relief where the plaintiff demonstrated that she is, in fact, unlikely to purchase [the challenged] products again." *Hidalgo,* 148 F. Supp. 3d at 291 (internal quotations omitted).

Furthermore, "consumers who were misled by deceptive food labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Alce*, 2018 WL 1737750, at *6 (internal citations and quotation marks omitted) (holding that plaintiff alleging deceptive food labeling has no standing to seek injunctive relief under GBL § 349). Similarly here, Plaintiff does not allege that he intends to purchase the Blueberry Bagel again. Even if he did allege a future intention to purchase the Blueberry Bagel, Plaintiff cannot allege that he is in danger of being misled in the future as Plaintiff is clearly aware of the alleged issue with the Blueberry Bagel labeling as described in the Amended Complaint. As such, as Plaintiff and his counsel are well aware given the prior *Izquierdo* decision, he does not have standing to bring claims for injunctive relief. *Izquierdo*, 2016 WL 6459832, at *5 (dismissing Plaintiff's claim seeking injunction under GBL § 349 because "Izquierdo has failed to plead a real or

immediate threat of injury"). Therefore, Count I (for an injunction under GBL § 349) must be dismissed in its entirety, and Count III (for damages and an injunction under GBL §§ 350 and 350-a(1)) must be dismissed to the extent it seeks injunctive relief.

### III.  Plaintiff Fails to State a Claim for Violation of GBL §§ 349, 350, and 350-a(1)

To assert a claim under GBL §§ 349, 350, and 350-a, "a plaintiff must establish that the defendant engaged in consumer oriented conduct that is materially misleading, and plaintiff was injured as a result of the deceptive act or practice." See *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 390 (E.D.N.Y. 2017) (granting motion to dismiss); *Daniel v. Tootsie Roll Indus., LLC*, No. 17 Civ. 7541 (NRB), 2018 WL 3650015, at *11 (S.D.N.Y. Aug. 1, 2018) (dismissing GBL §§ 349, 350, and 350-a claims). "Bare recitation of the elements of a cause of action under GBL §§ 349 and 350, meaning mere conclusory statements, is insufficient to rise to the level of a plausible claim." *Wurtzburger v. Kentucky Fried Chicken*, No. 16-CV-08186 (NSR), 2017 WL 6416296, at *2 (S.D.N.Y. Dec. 13, 2017) (citation omitted) (granting motion to dismiss). Plaintiff's GBL §§ 349 or 350 claims must be dismissed because Plaintiff failed to allege material misleading conduct and because Plaintiff was not injured as required by GBL §§ 349 or 350.

### A.  Plaintiff Alleges No Misrepresentation and No Reasonable Consumer Would Be Misled

In order to prove that the alleged conduct was materially misleading, the plaintiff must demonstrate that the conduct is "likely to mislead a reasonable consumer acting reasonably under the circumstances." See *Rodriguez v. Cheesecake Factory Inc.*, 16-CV-2006 (JMA)(AKT), 2017 WL 6541439, at *3 (E.D.N.Y. Aug. 11, 2017) (citation omitted) (dismissing GBL § 349 and common law fraud claims because the allegedly misleading statement would not mislead a reasonable consumer); see also *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1, 774

6

N.E.2d 1190 (2002) (applying identical standard to GBL § 350 claim). While what a reasonable consumer would find deceptive is generally a question of fact, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Indeed, many courts in this district have dismissed claims at the pleading stage for failure to allege the existence of business practices that would deceive a reasonable consumer. *See, e.g.*, *Wurtzburger*, 2017 WL 6416296, at *2.

Here, Plaintiff fails to state a claim under GBL §§ 349 and 350 because no reasonable consumer would find the Blueberry Bagel labeling to be misleading or deceptive. The case *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-CV-0704 (LEK/DEP), 2018 WL 1870474, at *3 (N.D.N.Y. Apr. 17, 2018) illustrates that a product name cannot be misleading where it is factually accurate. In *Solak*, the product was named "Garden Veggie Straws," and the packaging stated unambiguously that the ingredients contained direct byproducts of vegetables. *Id.* The Court stated, "[t]herefore, it is in no way misleading for Defendant to call the Product 'Veggie' straws, since that label truthfully captures the fact that Defendant uses vegetable-based products in the Straws' recipe." *Id.* Further, the Court held that:

> This is true even if certain of the Primary Ingredients are only present in the Product in "trace amounts." . . . By labeling the Product "Veggie" straws, Defendant makes no claim as to the amount or proportion of "Veggie" products incorporated in the Straws. On the contrary, that label simply presents the consumer with a factually true statement—that the Straws are somehow derived from vegetable-based products.

*Id.*

Plaintiff's argument appears to be that the label "Blueberry Bagel" is misleading because, in Plaintiff's opinion, the bagel does not contain "genuine" blueberries. Amend. Compl. ¶ 15. However, Plaintiff admits that the Blueberry Bagel contains two ingredients that contain

7

blueberry: "Infused Dried Blueberries," which contain "Wild Blueberries" as the first ingredient and "Blueberry Flavored Bites" which, contain "Blueberry Solids." Amend. Compl. ¶ 26. Just like in the *Solak* case, because the Blueberry Bagel in fact contains blueberry, there is nothing misleading about the label "Blueberry" for the Blueberry Bagel.[4] The alleged placard stating simply "Blueberry" under the basket of bagels makes no claim as to the amount, proportion, or type of blueberries in the product – it is simply a factually true statement that there are some blueberry ingredients.[5] Here, Plaintiff cannot, as a matter of law, show that a reasonable consumer would be deceived by the "Blueberry" placard, because there is nothing misleading about the label.[6] Therefore, Plaintiff's claims under claim under GBL §§ 349, 350, and 350-a(1) fail.

### B. Plaintiff Did Not Allege Injury under the GBL

In order to claim an injury under GBL §§ 349, 350, and 350-a "Plaintiff must allege a 'connection between the misrepresentation and any harm from, or failure of, the product.'"

---

[4] To the extent that there is anything ambiguous about the labeling of the Blueberry Bagel – which there is not – the ingredient list is sufficient to dispel any confusion, and no GBL claim can be maintained. E.g. *Solak*, 2018 WL 1870474, at *6 (dismissing GBL claims where ingredient list could dispel any potential confusion, and stating "assuming for the sake of argument that our "reasonable" consumer was still confused, (s)he could nonetheless refer to the ingredients list . . . which would resolve once and for all any ambiguity as to what (s)he should expect the bag to contain.").

[5] Plaintiff alleges that Panera also had a sign stating "Food You Can Trust: We're advocates for clean food. We're committed to menu transparency." Amend. Compl. ¶ 20. This statement makes no representation as to the ingredients in the blueberry bagel, which Panera provides in a transparent way on its website and in its bakery-cafes. Therefore, it could not mislead a reasonable consumer about the Blueberry Bagel's ingredients.

[6] Plaintiff references two other bagel brands in an apparent attempt to illustrate consumer expectations regarding blueberry bagels. However, Plaintiff's first comparison is entirely irrelevant: it involves Abe's "The Blueberry" Bagel. Amend. Compl. ¶ 33. But Abe's is a company apparently selling bagels in supermarkets only in Australia and New Zealand (*Our Story*, ABE'S BAGELS, https://abesbagels.co.nz/our-story, last visited June 14, 2019), and therefore cannot be used as a comparison to a bakery/restaurant chain in New York. Plaintiff's second comparison is to the Archer Farms brand blueberry bagels, which Plaintiff claims to be "more authentic." Amend. Compl. ¶ 34. But Plaintiff goes on to misrepresent its own example, stating that "the only blueberry-related ingredient that these bagels contain is 'Dried Blueberries.'" *Id.* In reality, as Plaintiff's own Exhibit D shows, that ingredient is actually: "Dried Blueberries (Blueberries, Sugar, Sunflower Oil)" – an ingredient extremely similar to Panera's "Infused Dried Blueberries." Exhibit D to Amend. Compl., Doc No. 27-1. Indeed, the Archer Farms label is arguable *more confusing* as Archer Farms does not include the word "Infused" to indicate additional ingredients, and makes additional representations on its label of "Premium Food Products" and "made with real blueberries." Declaration of Emily A. Beer, Exhibit 2. Therefore, Plaintiff's own "authentic" blueberry bagel example contains nearly the same ingredient as Panera's bagel, and it makes significant representation as to the quality and nature of its blueberry ingredients (which Panera has not done).

8

*DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, *7 (S.D.N.Y. Jan. 23, 2018) (quoting *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56 (1999)). "The central issue [is] whether [Plaintiff] has alleged a cognizable "actual" injury that is separate from [Defendant's] allegedly deceptive conduct." *Belcastro v. Burberry Ltd.*, No. 16-CV-1080 (VEC), 2017 WL 5991782, *3 (S.D.N.Y. Dec. 1, 2017).

The Amended Complaint herein alleges that Plaintiff and the Class purchased "a Product they would not have purchased had they known the true composition of the Product's ingredients." Amend. Compl. ¶ 11. "'[C]onsumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices,' have not suffered an injury cognizable under NYGBL § 349. As deception cannot be 'both act and injury'". *Rodriguez v. It's Just Lunch, Int'l*, No. 07 Civ. 9227(SHS)(KNF), 2010 WL 685009, *9 (S.D.N.Y. Feb. 23, 2010) (quoting *Small*, 94 N.Y.2d at 56). Consequently, "[s]imply alleging that a plaintiff 'would not have purchased' the product but for the deceptive practices, is, alone insufficient" to properly plead an injury under GBL §§ 349 and 350. *DaCorta*, 2018 WL 557909 at *7 (citing *Small*, 94 N.Y.2d at 56); *see also Braynina v. TJX Cos., Inc.*, No. 15 Civ. 5897 (KPF), 2016 WL 5374134, at *10 (S.D.N.Y. Sept. 26, 2016).[7]

Additionally, "actual injury 'may be shown by allegations that the plaintiff paid a "price premium" because of the defendant's misrepresentation or by allegations that the plaintiff did not receive the product for which he bargained.'" *Irvine v. Kate Spade and Co.*, No. 16-CV-7300 (JMF), 2017 WL 4326538, at *3 (S.D.N.Y. Sept. 28, 2017) (quoting *Belcastro v. Burberry Ltd.*, No. 16-CV1080 (VEC), 2017 WL 744596, at *3 (S.D.N.Y. Feb. 23, 2017)). "But New York law does not recognize an injury based on deception itself—the fact that Plaintiff was deceived is

---

[7] Notably, the reference to Plaintiff's reliance on their own perception of what was in the "Blueberry Bagel" and whether they would have purchased the product requires an individualized inquiry which does not support treatment of the claims on a class basis.

9

not, standing alone, an 'actual injury.'" *Id.* at *3 (citing *Small*, 94 N.Y.2d at 56). A plaintiff cannot establish a "price premium" claim of injury unless plaintiff alleges that the good with the allegedly misleading label "commanded a higher price than goods without [the label]." *Irvine*, 2017 WL 4326538, at * 4. Plaintiff does not allege that he paid a "price premium" for the Blueberry Bagel,[8] and Plaintiff does not allege that the Blueberry Bagel commanded a higher price than a bagel with no blueberries (or any other bagel, for that matter). Indeed, Plaintiff cannot do so, as every Panera bagel sold in Manhattan – even the Plain Bagel – is sold for exactly the same price.

Additionally, Plaintiff's allegation that he paid the "advertised price" for the Blueberry Bagel, but received "a Product with significantly less value than it warranted" (Amend. Compl. ¶¶ 49, 51) is merely a threadbare allegation that "amount[s] to nothing more than a formulaic recitation of the elements" of an injury under New York law. *Iqbal*, 556 U.S. at 681 (internal quotations and punctuation omitted). Further, it is similar to an allegation made by Plaintiff in the prior case which was rejected by this Court: that "Plaintiffs and Class members paid the full price of the Product and received less of what Defendant represented they would be getting. . ." Complaint at ¶ 52, *Izquierdo*, No. 16-cv-04697 (CM), 2016 WL 6459832. Just like in *Izquierdo,* Plaintiff has "impermissibly set up the deception as both act and injury, a theory specifically disallowed by our courts." 2016 WL 6459832, at *7 (S.D.N.Y. 2016). For this reason, Plaintiff's GBL §§ 349, 350, and 350-a(1) claims should be denied by this Court for failure to plead injury.

---

[8] Even if Plaintiff had used the term "price premium," this would not save his claims. And as this Court has already ruled in Plaintiff's prior case, "[s]imply because Plaintiffs here recite the word "premium" multiple times in their Complaint does not make Plaintiffs' injury any more cognizable." *Izquierdo*, 2016 WL 6459832, at *7.

10

## IV.     Plaintiff Fails to State a Claim for Fraud

As an initial matter, to the extent that the Court grants Panera's motion to dismiss Plaintiff's GBL claims, the Court need not separately analyze Plaintiff's common law fraud claim. *Miao Xin Hu v. Iovate Health Scis. U.S.A. Inc.*, No. 17 Civ. 09427 (ER), 2018 WL 4954105, at *3 (S.D.N.Y. Oct. 12, 2018). This is because, "to prove common law fraud, a plaintiff must show more than § 349 requires." *Id.* (citation omitted). Therefore, because Plaintiff has not satisfied the lower standard set by GBL § 349, his claim for common law fraud necessarily fails. *Id.* However, for the sake of completeness, Plaintiff's fraud claim is analyzed below.

To successfully plead a claim of common law fraud, a plaintiff must allege: "(1) that the defendant represented or omitted a material fact; (2) that the representation was false; (3) that the defendant knew that it was false and made it with the intention of deceiving the plaintiff; (4) that the plaintiff believed the representation to be true and justifiably acted in reliance on it and was deceived; and (5) that the plaintiff was injured." *Izquierdo*, 2016 WL 6459832, at *9 (internal quotation marks and citation omitted) (dismissing fraud claim). Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake."

To satisfy the particularity requirement of Rule 9(b), a plaintiff's complaint must "(1) specify the statements that [Plaintiff] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d. Cir. 2006) (citation omitted) (affirming dismissal of fraud claims where plaintiffs failed to plead specific representations upon which they relied); see also *Holmes v. Apple Inc.*, No. 17 Civ. 4557 (ER), 2018 WL 3542856, at *22-24 (S.D.N.Y. July 23, 2018) (granting defendant's motion for judgment on the pleadings as to fraudulent inducement claim where plaintiff failed to allege false statements with specificity).

11

Further, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Lerner*, 459 F.3d at 290 (internal quotations and citation omitted).

Plaintiff's fraud claim must fail because, as discussed above, there has been no misstatement – material or otherwise.  Plaintiff allegation of fraud is based on the alleged "representation that the Product is a 'Blueberry Bagel.'" The only alleged representation regarding blueberry content was the alleged placard stating "Blueberry."  Plaintiff admits that the Blueberry Bagel in fact contains blueberries.  The product name makes no claim as to the amount, proportion, or type of blueberries in the product – it is simply a factually true statement that there are some blueberry ingredients contained within the product.  Because there is no misrepresentation or false statement, there can be no fraud.  *E.g.*, *Bowring*, 234 F.Supp.3d at 392 (dismissing fraud claim where there was no misrepresentation).  Additionally, Plaintiff has not alleged "facts that give rise to a strong inference of fraudulent intent;" Plaintiff has merely alleged that Panera labeled a bagel containing blueberries with a placard stating "Blueberry."

Because Plaintiff has failed to plead any false statement with the requisite particularity required by Fed. R. Civ. P. 9, Plaintiff's fraud claim must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Amended Complaint should be dismissed in its entirety.  Because Plaintiff has already taken the opportunity to amend, dismissal should be with prejudice.

Dated: New York, New York  
       June 14, 2019

By: _____  
Anne B. Sekel  
Emily A. Beer  
FOLEY & LARDNER LLP  
90 Park Avenue  
New York, New York 10016  
Tel: (212) 338-3417  
Fax: (212) 687-2329  

Eileen R. Ridley (admitted *pro hac vice*)  
FOLEY & LARDNER LLP  
555 California St., 17th Floor  
San Francisco, CA 94104  
Tel: (415) 438-6469  
Fax: (415) 434.4507  

*Attorneys for Defendant Panera LLC*